William Thomas **WHITE**

v.

W. E. **WOODROOF** et al.

Civ. A. No. 75–0204–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 25, 1975.

William Thomas White, pro se.

Robert E. Shepherd, Jr., Asst. Atty. Gen. of Virginia, Richmond, Va., for defendants.

### MEMORANDUM

MERHIGE, District Judge.

Petitioner, a Virginia prisoner, brings this habeas corpus action in which he claims that he was unconstitutionally denied sentence credit for time spent in the Nottoway County, Virginia, jail while awaiting trial on charges then pending in the Circuit Court of Nottoway County. Jurisdiction is conferred by 28 U.S.C. §§ 2241 and 2254. Petitioner has exhausted state court reme-

dies. See *White v. Superintendent, Virginia State Penitentiary,* No. 74–0403, Order Dismissing Petition (Va.Sup.Ct., May 13, 1974). This matter is before the Court on respondent's motion to dismiss and petitioner's response to said motion which, since the facts are not in dispute, the Court will construe as a motion for summary judgment.

Petitioner was, on November 8, 1969, imprisoned by Nottoway County authorities on a robbery charge. Four days later he escaped and was at liberty for three and one half months before being recaptured on March 7, 1970. Petitioner pled guilty to the crime of escape and was sentenced to a year's imprisonment on June 29, 1970. While serving time on the robbery conviction and awaiting trial on the robbery charge at the Nottoway County jail, petitioner escaped again on October 8, 1970 but was recaptured the next day. In early November 1970, petitioner was convicted of robbery and the second escape and sentenced to five years and six months respectively. The Circuit Court in its judgment order for the robbery conviction credited toward petitioner's sentence the 242 days that he had spent in jail awaiting trial. On the 27th of November, 1970, petitioner was delivered to the Virginia State Penitentiary and was subsequently informed that he had been summarily deprived of all jail credit earned prior to the second escape. His sentence was therefore credited with only 49 days jail credit.[1]

Petitioner's jail credit was summarily and administratively deprived by operation of § 53–208 [2] which provides that no preconviction jail credit is to be given to any prisoner who shall "break jail or make an escape." Since the Court has previously held the summary deprivation of preconviction jail time by operation of § 53–208 of the Code of Virginia to be unconstitutional, see *Durkin v. Davis,* 390 F.Supp. 249, Mem. decis. 6–8 (E.D.Va.1975), petitioner is entitled to have 193 days of preconviction detention credited to his prison sentence. The respondent shall therefore be ordered to correct the petitioner's prison records accordingly.

An appropriate order shall enter.

---

1. The period from the date of petitioner's recapture on October 9, 1970 to his committment to the Penitentiary on November 27, 1970—Totaled 49 days.

2. Section 53–208 of the Code of Virginia reads, as to the pertinent part:

Any person who may be sentenced by any court to a term of confinement in the penitentiary . . . for the commission of a crime . . . shall have deducted from such term all time actually spent by such person . . . in jail or the penitentiary awaiting trial, or pending an appeal, and it shall be the duty of the court or judge, when entering the final order in any such case, to provide that such person so convicted be given credit for time so spent. . . . No such credit, however, shall be given to any person who shall break jail or make an escape.